NUNC PRO TUNC OPINION
{¶ 1} On January 27, 1999, the Perry County Grand Jury indicted appellant, Richard Bryon Smith, on one count of aggravated burglary in violation of R.C. 2911.11, one count of theft in violation of R.C. 2913.02
and one count of breaking and entering in violation of R.C. 2911.13. Said charges arose from incidents involving a home owned by Mary James. Appellant was indicted with a co-defendant, Michael Kuehnert. Appellant was arrested on these charges in Florida on October 26, 2000, waived extradition and returned to Ohio on November 16, 2000.
 {¶ 2} A jury trial was held on April 16, 2001. The jury found appellant guilty of the aggravated burglary count and not guilty of the theft and breaking and entering counts. By judgment entry filed May 22, 2001, the trial court sentenced appellant to seven years in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE EVIDENCE PRESENTED AT RICHARD SMITH'S TRIAL WAS INSUFFICIENT AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I {¶ 5} Appellant claims his conviction was against the sufficiency and manifest weight of the evidence. We disagree.
 {¶ 6} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 7} Appellant was convicted of aggravated burglary in violation of R.C. 2911.11 which states as follows:
 {¶ 8} "(A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:
 {¶ 9} "(1) The offender inflicts, or attempts or threatens to inflict physical harm on another;
 {¶ 10} "(2) The offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control."
 {¶ 11} It is uncontested that on December 6, 1998, the home of Mary James was burglarized. Appellant only argues there was insufficient evidence to prove he was involved in the incident. Appellant points out he was not positively identified as one of the burglars, and Mr. Kuehnert was involved and captured at the time of the burglary.
 {¶ 12} Undisputedly, appellant was in the vicinity of the burglary and was in the company of Mr. Kuehnert on the evening in question. T. at 107-108, 157-162. Two individuals, Jared Smith and Bob Heavener, were staying in Ms. James's home to look after the home and prevent break-ins. T. at 111-112, 124-125. On the evening of December 6, 1998, they encountered two individuals breaking into the home. They caught Mr. Kuehnert and the other individual escaped via a vehicle. T. at 114-115, 127-128. Mr. Smith and Mr. Heavener observed this individual from twenty to twenty-five feet away and were able to identify appellant from photo arrays. T. at 113, 116, 130-132. This identification was done in open court and was based upon appellant's tattoos on his neck. T. at 116, 131. Mr. Smith identified appellant in the courtroom, whereas Mr. Heavener was only able to identify his tattoos. T. at 117, 132-133.
 {¶ 13} The convicted co-defendant, Mr. Kuehnert, implicated appellant in two written statements given at two different times at the police station, but at trial claimed appellant was not with him when he burglarized the home. T. at 162; State's Exhibits 10 and 11. When confronted with his conflicting testimony, Mr. Kuehnert claimed he blamed appellant because he was mad at him and his sister, appellant's girlfriend. T. at 176.
 {¶ 14} Circumstantial evidence is to be given the same weight and deference as direct evidence. Jenks, supra. "[C]ircumstantial evidence may be more certain, satisfying and persuasive than direct evidence."State v. Richey, 64 Ohio St.3d 353, 363, 1992-Ohio-44. The evidence sub judice was both direct and circumstantial, even disregarding Mr. Kuehnert's changed story. Both Mr. Smith and Mr. Heavener observed a man with appellant's tattoos break into the home. They identified him through photo arrays. Mr. Smith positively identified appellant in open court. Appellant was in the vicinity of the burglary in the company of Mr. Kuehnert, the co-defendant.
 {¶ 15} Mr. Kuehnert's changed testimony was questionable at best. He had served almost his entire sentence when he changed his story on the day of trial. T. at 164. Therefore, there would be no threat of reprisal for breaking the plea agreement. Mr. Kuehnert refused to give the true name and address of the person he now claims to have been with him. T. at 161-162, 165. These facts undoubtedly were balanced by the jury against Mr. Kuehnert's two written statements implicating appellant.
 {¶ 16} Upon review, we find sufficient evidence to support the jury's verdict and no manifest miscarriage of justice.
 {¶ 17} The sole assignment of error is denied.
 {¶ 18} The judgment of the Court of Common Pleas of Perry County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P, J. and Wise, J. concur.